RAYBURN *v*. BANK OF COMMERCE.

[76 South. 826, Division A.]

PARTNERSHIP. *Corporations. Pleading organization. Report to secretary of state.*

Where in a suit by a bank on a note against the members of a firm, one of the defendants filed a special plea under oath denying that he was ever a member of the firm, and alleging that the note sued upon was in consideration of an indebtedness owing by a corporation of the same name as the alleged firm, organized under the laws of the state, this was sufficient though the plea did not state that the organization of the corporation was reported within thirty days to the secretary of state for even had such report been necessary when the corporation was organized, such defective organization was an affirmative matter which the bank should have set up by replication to the defendant's special plea.

APPEAL from the circuit court of George county.
HON. J. H. NEVILLE, Judge.

Suit by the Bank of Commerce against Oliver Rayburn and others trading under the name of the A. L. Hickman Company. From a judgment against the named defendant, he appeals.

The facts are fully stated in the opinion of the court.

*White & Ford,* for appellant.

It will be noticed that the declaration charges that appellant was a member of the co-partnership composing A. L. Hickman Company. The note was not attached to the declaration, and of course was not prop-

erly admissible, but that is a minor matter so far as this appeal is concerned. The note which appears in the record on page 21, is signed simply A. L. Hickman Company, and endorsed by A. L. Hickman; the appellant's name nowhere appears on the note.

The special plea of Oliver Rayburn denies that he was a partner in any such firm as A. L. Hickman Company, and as there is an agreement in the record, page 24, that no testimony was introduced, and the only evidence introduced was the note in question, there could have been no judgment rendered for plaintiff against the appellant, for this reason, but this plea says that appellant is not now and never has been a member of the firm of A. L. Hickman and Company, and further says that he did not execute the note sued on which is described as Exhibit "A" to plaintiff's said declaration, and that he is not now, and never was liable to plaintiff, or any one else for the said note, as a copartner with the said A. L. Hickman Company.

We do not deem it necessary, however, to go into this matter for we presume that counsel for appellee will admit that the only theory upon which appellant could be held liable as a "partner" in said corporation, is on account of an alleged failure to report the organization of the corporation within thirty days as required by section 930 of the Code of 1906, which is mentioned in the demurrer to appellant's special plea.

Now this plea, which was sworn to, was a perfectly good plea as against the demurrer, first for the reason that it was not necessary to set up the matter alleged in said plea about the organization of the corporation, Mr. Rayburn had denied that he was a member of any copartnership, and could have stopped there. But conceding, for the sake of argument, that it was necessary to go into detail about the organization of the corporation, if appellee wanted to show any failure to report the organization back, that was matter for a replication. However at the time this corporation was organized,

there was no law requiring the reporting back of the
organization of corporations, and as the plea set out
that his organization was had in 1905, the truth of
which the demurrer admitted, and as section 930, Code
1906, never came into existence, or became a law in this
state, until October 1, 1906. the plea was certainly not
subject to this demurrer. So we say that as there was
no law in existence requiring the organization of cor-
porations to be reported back at the time this cor-
poration was organized and until a year and a half
afterwards, there is of course, no liability on the part
of appellant as a partner. This sworn plea was not de-
nied under oath. But the sustaining of the demurrer to
this plea violated every principle of pleadings, for even
if section 930, Code 1906, never came into existence, or
became a law in this state, until October 1, 1906, the
plea was certainly not subject to this demurrer, so we
say that as there was no law in existence requiring the
organization of corporations to be reported back at
the time this corporation was organized and until a year
and a half afterwards, there is, of course, no liability
on the part of appellant as a partner. This sworn plea
was not denied under oath, but the sustaining of the
demurrer to this plea violated every principle of plead-
ing, for even if section 930, Code 1906, had been the
law at the time this corporation was organized the
plea would have been good as against the demurrer for
the reasons that the matters attempted to be taken
advantage of by appellee in its demurrer, were matters
which should have been pleaded in avoidance by appellee
itself. There is no provision in our code that section 930
shall be retroactive, and even if there was such a pro-
vision, it would be unconstitutional for it would amount
to an *ex post facto* law.

We see no reason for remanding the case as there is
clearly no liability on the part of appellant and it ap-
pearing to this court that he could not be held liable
as a partner for the reason that the law in question

was not in effect until long after the corporation was formed, and there being no contention that he is otherwise liable, we respectfully submit that the case should be reversed and judgment rendered here for appellant.

SYKES, J., delivered the opinion of the court.

The appellee, Bank of Commerce, filed suit in the circuit court of George county against A. L. Hickman Company, alleging in its declaration that this company was a copartnership composed of W. W. Broome, Oliver Rayburn, and A. L. Hickman. It further alleges that these partners were trading under the name of A. L. Hickman Company, and executed a certain note signed A. L. Hickman Company. The bank, as the owner of the note, instituted this suit. A plea of general issue was duly filed by the appellant, Oliver Rayburn. He also filed a special plea under oath denying that he was ever a member of the firm of A. L. Hickman & Co., and that he did not execute the note sued on, and that he was never liable upon the said note as a copartner of the other defendants; that the note sued on was in consideration of an indebtedness owing by A. L. Hickman Co., a corporation chartered and organized under the laws of the state of Mississippi, which charter of incorporation was duly approved by the Governor, recorded in the office of the secretary of state, and also recorded in the chancery clerk's office in Harrison county, the domicile of the corporation, before and at the time the note was executed; that the corporation was organized in 1905, and the indebtedness was incurred after its charter had been granted and filed, as above stated. A copy of the charter of the corporation was made an exhibit to this special plea. The appellee bank filed a demurrer to this plea, alleging: First, that it states defense; second, that it is insufficient in law; third, that it fails to show or allege that a report of the organiza-

tion of the corporation was made to the secretary of state within thirty days from the date of the purported organization. This demurrer was sustained in the lower court.

The only testimony introduced at the trial of the suit was the original note. Judgment was rendered against the appellant. Hence this appeal.

In the absence of any brief is this court on behalf of appellee, we can only surmise as to why a demurrer was sustained to the special plea. We think the plea sufficently sets forth the details of the incorporation of this company. It is true that it does not state that its organization was reported within thirty days to the secretary of state. We think, however, the allegation of the plea sworn to that it was a corporation would be sufficient, even if it had been necessary at the time of its corporation to have reported this organization to the secretary of state. There is nothing in the plea to show a defective organization of the corporation; and if, as a matter of fact, it was defectively organized, this was an affirmative matter that should have been set up by replication by the bank.

Section 930, Code of 1906, which required a report of the organization to the secretary for state within thirty days, was, however, not in force when the corportion was organized and started business.

The demurrer to this special plea should have been overruled. The judgment of the lower court as to the appellant Oliver Rayburn is reversed, and the cause remanded.

*Reversed and remanded.*